UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

DESIRAE KENNETT,

Plaintiff,

v.

COMMISSIONER SOCIAL SECURITY ADMINISTRATION,

Defendant.

Case No. 3:24-cv-02172-CL

**ORDER**

---

**CLARKE,** United States Magistrate Judge.

Plaintiff's attorney moves under 42 U.S.C. § 406(b) for approval of attorneys' fees in the amount of $13,881.30, out of which she will refund to Plaintiff an Equal Access to Justice Award ("EAJA") of $6,500, for a net 406(b) award to Plaintiff's counsel of $7,381.30. The Commissioner does not oppose the motion. Plaintiff's motion is GRANTED.

Section 406(b) "authorizes [attorney] fees payable from the successful party's recovery." *Gisbrecht v. Barnhart*, 535 U.S. 789, 802 (2002). The attorney fees may not exceed twenty five percent of the claimant's benefit. 42 U.S.C. § 406(b). "Within the 25 percent boundary, . . . the attorney for the successful claimant must show that the fee sought is reasonable for the services

rendered." *Id.* at 807. When testing for reasonableness, courts "have appropriately reduced the attorney's recovery based on the character of the representation and the results the representative achieved." *Id.* at 808. Reviewing courts "should disallow 'windfalls for lawyers.'" *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 747 (6th Cir. 1989)).

Prevailing claimants are often also entitled to recover attorney fees under the Equal Access Justice Act ("EAJA"), 28 U.S.C. § 2412(d)(1)(A), which provides attorney fees to prevailing parties in certain suits against the government. EAJA fees, unlike 406(b) fees, do not reduce the past due benefits the prevailing claimant receives. *Gisbrecht*, 535 U.S. at 802. EAJA fees come out of the government's pocket rather than the claimant's past due benefits. When a prevailing claimant applies for an EAJA award and a § 406(b) award, the "EAJA award offsets an award under Section 406(b), so that the amount of the total past-due benefits the claimant actually receives will be increased by the EAJA award up to the point the claimant receives 100 percent of the past-due benefits." *Id.* at 796 (quotation marks, brackets, and ellipses omitted).

In the present case, pursuant to a contingency fee agreement with her client, Plaintiff's attorney moves under § 406(b) to recover $13,881.30, offset by an EAJA award of $6,500. On Remand, the Commissioner found Plaintiff disabled as of March 1, 2020 resulting in back benefits in the amount of $55,525.20. The net amount sought by Plaintiff's counsel is therefore less than twenty five percent of the past due benefits owed to Plaintiff. Applying the standards set by *Gisbrecht v. Barnhart*, 535 U.S. 789 (2002), the Court has reviewed the record in this case and finds that the requested fee is reasonable.

Pursuant to 42 U.S.C. § 406(b), the Court awards Plaintiff's counsel Lisa R. Lang $13,881.30, minus $6,500 in EAJA fess for a total amount for $7,381.30 withheld for Plaintiff's federal court attorney fees. The Commissioner may pay Plaintiff's Counsel

directly from Plaintiff's back benefits withheld, minus any applicable processing fees allowed by statute, and pay the Plaintiff the remainder of her past due benefits.

DATED this 29 day of September, 2026.

MARK D. CLARKE
United States Magistrate Judge